UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | 1:14-CR-109 |
| v. | ) | JUDGE MATTICE/ |
| | ) | MAGISTRATE |
| BRIAN LEE KRZECZOWSKI | ) | JUDGE CARTER |

PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Brian Krzeczowski, and the defendant's attorney, Paul Bergmann, have agreed upon the following:

1. The defendant will plead guilty to the following count(s) in the indictment:

    a) **Count One**: production of child pornography, in violation of 18 U.S.C.§ 2251(a).

The punishment for this offense is as follows:

    b) **Count One**: Imprisonment for a term of no less than fifteen and up to thirty years; supervised release up to life; a fine up to $250,000; any lawful restitution; and a $100 special assessment fee.

2. In consideration of the defendant's guilty plea(s), the United States agrees to move the Court at the time of sentencing to dismiss the remaining count(s) against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. The defendant is pleading guilty

1

because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of the crime(s) must be proved beyond a reasonable doubt:

**Count One**

a) The defendant employed, used, persuaded, induced, enticed, or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

b) At the time, the victim was a minor; and

c) The defendant knew or had reason to know that such visual depiction would be mailed or transported across state lines or in foreign commerce; or that the visual depiction was mailed or actually transported across state lines or in foreign commerce.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

On December 17, 2013, Gallatin (TN) Police Detective Chad Harrison received a complaint from an individual (M.V.) regarding a person she met on-line. She met this man who called himself Brian Lee Thomas, later identified as the defendant, through Facebook in November 2010. At the time M.V. was 16 years old and told the defendant her age. They developed an on-line relationship during which the defendant persuaded M.V. to take sexually explicit photos of herself and to send them to him via the internet.

Between then and May 2013, M.V. sent well over 100 sexually explicit images of herself to the defendant, who claimed to be a 19 year-old man. The defendant sent some of those images back to M.V. through an email account, "tennesseetrouble2@gmail.com." When their on-line relationship ended, the defendant threatened to post her images on the internet.

On December 16, 2013, M.V. signed into her Facebook account and saw that the defendant had posted two such images of her taken when she was 16 years old onto her Facebook page. She deleted the photos immediately and contacted Facebook and the police.

Through records associated with the defendant's email address and telephone number, detectives were able to obtain a search warrant for the defendant's house. On January 24, 2014, a search warrant was executed at the defendant's house. Several computers and a large number of CDs were seized.

Detective Harrison interviewed the defendant who admitted that he knew M.V. was a minor when he solicited sexually explicit photos from her. He also admitted that the computers and CDs contained child pornography. FBI SA Barker has reviewed a large majority of the CDs and found that they contain hundreds of images and videos of minors engaging in sexually explicit conduct. Agent Barker has also identified a second minor girl who also sent sexually explicit images of herself to the defendant at his prompting. The FBI is also trying to identify other minor females whose images were found on the defendant's computer. Most of the above-described events took place in the Eastern District of Tennessee.

The defendant admits that he persuaded, induced and enticed a minor to produce images depicting the minor engaging in sexually explicit conduct and that, at his request, those images were sent via the internet.

5. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

 a) the right to plead not guilty;

 b) the right to a speedy and public trial by jury;

 c) the right to assistance of counsel at trial;

 d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

 e) the right to confront and cross-examine witnesses against the defendant;

 f) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

 g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

 a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

 b) The Court will impose special assessment fees as required by law; and

 c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence report from the United States Probation

Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of Title 18, United States Code, Sections 2251 and 2252, and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the

5

defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees. The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

10. The defendant agrees that the court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victim(s) of any offense charged in this case (including dismissed counts); and (2) the victim(s) of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's *charged* offense(s).

11. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any

6

financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

12. (a) In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant agrees not to file a direct appeal of the defendant's

7

Case 1:14-cr-00109-TRM-CHS   Document 14   Filed 12/02/14   Page 7 of 9   PageID #: 79

conviction(s) or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range or any applicable mandatory minimum sentence (whichever is greater) determined by the district court.

(b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

13. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

8

14. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

15. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

WILLIAM C. KILLIAN
UNITED STATES ATTORNEY

12/2/14
Date

By: _____
Terra L. Bay for
Assistant United States Attorney

X 12-1-2014
Date

X _____
Brian Lee Krzeczowski
Defendant

12-1-2014
Date

_____
Paul Bergmann
Attorney for the Defendant

9