IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

AT CHATTANOOGA

_____

UNITED STATES OF AMERICA,   )
      )
    Plaintiff,   )
      )
Vs.      )   Case No. 1:14-CR-109
      )
BRIAN LEE KRZECZOWSKI,   )
      )
    Defendant.   )

_____

Chattanooga, Tennessee

CHANGE OF PLEA HEARING

TAKEN ON DECEMBER 23, 2014

BEFORE THE HONORABLE BILL CARTER

_____

APPEARANCES:

      FOR THE PLAINTIFF:

      JAMES BROOKS, ESQUIRE
      Assistant U.S. Attorney
      1110 Market Street, Suite 515
      Chattanooga, TN 37402
      (423) 752-5140

      FOR THE DEFENDANT:

      PAUL BERGMANN, III, ESQUIRE
      Attorney at Law
      701 Cherry Street, Suite 200
      Chattanooga, TN 37402
      (423) 756-3245

JEANNIE BOLEMAN, LCR, RPR, RMR (423) 255-0742

P R O C E E D I N G S

1

2   THE COURT:  Please call the case.

3   THE CLERK:  Case number 1:14-CR-109, USA

4   versus Krzeczowski.

5   THE COURT:  Counsel, please make

6   appearances for the record, the government

7   first.

8   MR. BROOKS:  James Brooks on behalf of

9   United States.

10   MR. BERGMANN:  Paul Bergmann on behalf of

11   Brian Krzeczowski, Your Honor.

12   THE COURT:  Thank you very much.

13   MR. BROOKS:  Your Honor, before we start,

14   there is, in the factual basis, I want to

15   add a technical aspect of it to make sure

16   the elements are met.

17   THE COURT:  This is in the plea agreement,

18   Document 14?

19   MR. BROOKS:  Yes, Your Honor.

20   THE COURT:  And the factual basis is

21   contained in Paragraph 4 on Pages 2, 3,

22   and -- 2 and 3.

23   MR. BROOKS:  Yes, sir, and I'll do this

24   however the Court would prefer, but

25   basically the images themselves need -- we

1    need to state that the images were across

2    state lines or that the defendant used a

3    device that had parts within it that had

4    been manufactured outside the state of

5    Tennessee.

6        THE COURT:  Used a what?

7        MR. BROOKS:  A device, it could be a

8    computer.

9        THE COURT:  All right.

10       MR. BROOKS:  That the items inside the

11   computer had been manufactured outside the

12   state of Tennessee, and I'm sure we can do

13   that and I'd like to amend it to that

14   effect.  We filed it as an amended plea

15   agreement.  It doesn't really — it doesn't

16   change it substantially in any way.  I think

17   the defendant admits both those things are

18   true.  Gmail, which is the account he used

19   to send the pictures, has servers that are

20   outside the state of Tennessee, so the

21   images would have necessarily traveled

22   outside of Tennessee and the computer that

23   he used as well as the victim would have had

24   parts manufactured outside of Tennessee.  I

25   have the agent coming, and I just talked to

him on the phone, and he confirms that
Gmail's servers are outside of Tennessee,
the images clearly did.  I want to ask him
just for safety's sake about the parts of
the computer and then I want to add those to
the factual basis, file it amended in that
regard.  Otherwise, the plea agreement is —

THE COURT:  And the reason for that is one
of the elements of such an offense is that
there be some connection with interstate
commerce?

MR. BROOKS:  Yes, Your Honor.

THE COURT:  And as is stated in Paragraph
3, ends with this language.  At his request,
those images were sent via the internet.  It
does not say from outside of the state of
Tennessee, but I guess you're saying that
that would have been outside of the state of
Tennessee.

MR. BROOKS:  It would have, and that may
be satisfactory to say via the internet.
I'm just not 100 percent sure, and I would
like to amend that to add that particular
language.

THE COURT:  All right.  Well, I guess I'll

JEANNIE BOLEMAN, LCR, RPR, RMR (423) 255-0742

1     ask defense counsel.  Is there any objection
2     to that amendment?  Basically that's just —
3     I guess you're saying making a fuller
4     statement that it involved interstate
5     commerce because it says the internet, but
6     it does not specifically state that it
7     involved interstate commerce.
8          MR. BERGMANN:  Your Honor, I talked to Mr.
9     Krzeczowski about that, and we discussed
10     this issue.  I did some research on it.  I
11     think the government is correct on that, so
12     we have no objections.
13          THE COURT:  The request is made that this
14     be amended.  I will allow that amendment.  I
15     will accept this as an oral amendment.  If
16     you will review the proposed language with
17     defense counsel, and if it's satisfactory,
18     then file the amended factual basis
19     contained in the amended plea agreement.
20          MR. BROOKS:  Yes, Your Honor, I will.
21          THE COURT:  That's fine.
22          MR. BROOKS:  Thank you.
23          THE COURT:  All right.  Well, now having
24     said that preliminarily, we'll go back to
25     the beginning.  Mr. Krzeczowski, it's my

understanding that you're wanting to
withdraw your not guilty plea and enter a
guilty plea pursuant to this plea agreement.
I need to explain some things to you before
we get started. My name is Bill Carter, I'm
the assigned United States Magistrate judge
in this case. Judge Mattice is the U.S.
District Judge, and you actually have a
right to have your guilty plea before a U.S.
District Judge, but Judge Mattice has asked
me to conduct this hearing for him, and I
can do that with your consent.

There's a procedure that's followed that
I'll explain to you. I'm going to be asking
you a series of questions. The questions I
ask are the same questions the District
Judge would ask if he were conducting the
hearing, and the purpose for my asking the
questions is to make an assessment and a
recommendation to Judge Mattice. I have to
assess whether you're competent to enter a
plea here today. I have to assess whether
it's what's known as a knowing and
understanding plea, that is you know and
understand the constitutional rights that

1    you'll give up by pleading guilty, and I'll
2    explain those to you during the hearing.  I
3    also have to assess whether anyone has
4    forced you or made you enter this guilty
5    plea.
6        Now, after you answer my questions, if I
7    conclude that you and your lawyer have
8    discussed your right to have a jury trial,
9    you've also discussed the possible benefits
10   that might flow from entering a guilty plea
11   pursuant to this plea agreement as modified,
12   and I conclude that no one has made you do
13   this, but that you have waived your right to
14   a jury trial and this plea agreement, and
15   decided between those alternatives, this is
16   the way you want to handle your case, then I
17   prepare a document that I send -- that I
18   file called a report and recommendation that
19   will basically recommend Judge Mattice
20   accept your guilty plea.  The actual
21   acceptance of the plea will be by Judge
22   Mattice and not by me, and you actually have
23   a right to object to that report and
24   recommendation for a period of 14 days.  So
25   procedurally, that's what's going to happen

1    here today.

2        Now, in a moment, I'm going to be handing

3    you what's called a consent form.  By

4    signing this form, you're essentially

5    agreeing to allow me to conduct the hearing

6    for Judge Mattice, that's the meaning of it.

7    This form tells you that I've advised you

8    what it is you're pleading guilty to and the

9    range of punishment as well, and I'm going

10   to ask Mr. Brooks to advise you of that if

11   you would, Mr. Brooks, the range of

12   punishment what it is he's pleading guilty

13   to, and this is -- I don't know if this was

14   a multiple count indictment originally.

15       MR. BROOKS:  It was, and he's pleading to

16   Count Number 1; the other counts will be

17   dismissed at the time of sentencing.  Count

18   Number 1 charges him with the production of

19   child pornography in violation of 18 USC

20   2251 subsection A, and it carries a

21   mandatory minimum sentence of 15 years with

22   a maximum possible sentence of up to 30

23   years, supervised release up to life, a fine

24   of up to $250,000, any lawful restitution,

25   and a $100 special assessment fee.

JEANNIE BOLEMAN, LCR, RPR, RMR (423) 255-0742

1    THE COURT:  Thank you.  Those are the
2    ranges of punishment and here is the consent
3    form.
4        MR. BERGMANN:  One moment, Judge, please.
5        THE COURT:  All right.  I've received the
6    executed consent form executed here in open
7    court.  I'll make that a part of the record
8    in the case.  I'm going to need to have you
9    sworn in, Mr. Krzeczowski.  If you would
10   stand where you are and just remain standing
11   there and raise your right hand, my deputy
12   clerk will swear you in.
13           BRIAN LEE KRZECZOWSKI,
14  having been first duly sworn on oath, was examined and
15  testifies as follows, to-wit:
16       THE COURT:  Mr. Krzeczowski, do you
17   understand now that you're under oath, if
18   you were to tell me things that are not
19   true, you could be prosecuted for perjury.
20   Do you understand that?
21       MR. KRZECZOWSKI:  Yes, Your Honor.
22       THE COURT:  What's your full name?
23       MR. KRZECZOWSKI:  Brian Lee Krzeczowski.
24       THE COURT:  How old are you, sir?
25       MR. KRZECZOWSKI:  I'm 41.

1        THE COURT:  How much education do you

2   have?

3        MR. KRZECZOWSKI:  I got a high school

4   G.E.D.

5        THE COURT:  All right, sir.  In the past,

6   have you ever been treated for any type of

7   mental illness?

8        MR. KRZECZOWSKI:  No, sir.

9        THE COURT:  In the past, have you ever

10   been treated for addiction to narcotic drugs

11   of any kind?

12        MR. KRZECZOWSKI:  No, sir.

13        THE COURT:  Are you presently under the

14   influence of any drug or narcotic or

15   alcoholic beverage, anything that would

16   cause you to not be able to understand?

17        MR. KRZECZOWSKI:  No, sir.

18        THE COURT:  Mr. Bergmann, do you consider

19   your client competent to enter a plea here

20   today?

21        MR. BERGMANN:  Yes, Your Honor, I do.

22        THE COURT:  All right, sir.  Now, Mr.

23   Krzeczowski, have you gone over the

24   indictment, particularly the first count

25   which you're entering your guilty plea with

JEANNIE BOLEMAN, LCR, RPR, RMR (423) 255-0742

1  your lawyer and discussed that?

2      MR. KRZECZOWSKI:  Yes I have.

3      THE COURT:  Have you had enough time to

4  talk to your lawyer about your case?

5      MR. KRZECZOWSKI:  Yes, I have.

6      THE COURT:  Are you satisfied with his

7  representation of you in the case?

8      MR. KRZECZOWSKI:  Yes, I am.

9      THE COURT:  Your decision to plead guilty

10  here today, I take it that you-all have both

11  discussed this, you and Mr. Bergmann, the

12  right to have a jury decide the case, you no

13  doubt also discussed the possible benefits

14  that might flow from entering this plea

15  agreement and entering a plea pursuant to

16  the plea agreement, and I take it that

17  between those alternatives, you've weighed

18  those two options and decided not to have a

19  jury trial, but to enter this guilty plea

20  pursuant to this plea agreement.  Is that

21  your decision here today?

22      MR. KRZECZOWSKI:  Yes, Your Honor.

23      THE COURT:  All right, sir.  I'm going to

24  go over the constitutional rights that

25  you're going to give up by pleading guilty.

JEANNIE BOLEMAN, LCR, RPR, RMR (423) 255-0742

1    Any time anyone pleads guilty, they give up

2    a series of constitutional rights.  I go

3    over them this three groups of three.

4    First, you have a right to plead not guilty

5    and persist in a not guilty plea.  Second,

6    have a jury try your case.  Third, during

7    that trial, the constitution guarantees you

8    something called the presumption of

9    innocence.  That presumption of innocence

10   stays with you until and unless the

11   government presents enough evidence to a

12   jury to convince them beyond a reasonable

13   doubt that you're guilty.

14       If you plead guilty here today, those are

15   rights you'll give up.  You'll give up the

16   right to persist in a not guilty plea

17   because in a moment you'll be telling me

18   that you are guilty, there will not be a

19   jury trial, and you'll no longer be presumed

20   innocent because in a moment, you'll be

21   telling me that you're guilty.  You

22   understand those are rights that you'll give

23   up if you plead guilty here today?

24       MR. KRZECZOWSKI:  Yes, Your Honor.

25       THE COURT:  Next, the Constitution

JEANNIE BOLEMAN, LCR, RPR, RMR (423) 255-0742

guarantees you first the right to have a
lawyer to represent you during a trial.  The
Constitution also guarantees you the right
to what's called confront and cross-examine
witnesses in a trial.  To confront a witness
means they sit in a witness chair in your
sight, you can look them in the eye as they
testify; to cross-examine means Mr. Bergmann
will be able to ask questions of each
witness.  And third, during a trial, you
could not be compelled to incriminate
yourself, and that can mean the right to
simply not testify.  You would have a right
to have a jury trial, you could sit at
counsel table and elect not to testify, and
if you did so elect, the government's lawyer
could not call you to the stand as a witness
against your will.

If you had such a trial and wanted to
testify, of course you could.  You would
have the to tell the truth like any other
witness, and during that trial, you would
have a right to present evidence.

If you plead guilty here today, those are
rights that you'll give up because there

1 will be no trial, you'll be giving up the
2 right to have a lawyer represent you during
3 a trial. Because there will be no trial,
4 there won't be either confrontation or
5 cross-examination of witnesses. And because
6 there will be no trial -- and because you're
7 going to be entering a plea here today,
8 you'll be giving up the right not to be
9 compelled to incriminate yourself because
10 you'll be telling me in a moment that you're
11 guilty. Do you understand those are rights
12 that you'll give up if you plead guilty here
13 today?

14 MR. KRZECZOWSKI: Yes, Your Honor.

15 THE COURT: Finally, I've already
16 mentioned to you the government's burden is
17 to prove your guilt beyond a reasonable
18 doubt. Next, if you thought you knew
19 witnesses who were favorable to your side of
20 the case and had testimony favorable to your
21 side, you could make them come in and
22 testify, even if they did not want to,
23 because you would have the right to issue
24 subpoenas, which are court orders requiring
25 people to come in and testify. And finally,

JEANNIE BOLEMAN, LCR, RPR, RMR (423) 255-0742

1       if you thought the judge made mistakes or
2       errors during the trial, you could raise
3       those errors to the United States Court of
4       Appeals in Cincinnati, Ohio.
5           Now, if you plead guilty, you'll be giving
6       up those rights.  The government won't have
7       to prove your guilt beyond a reasonable
8       doubt because you're going to be telling me
9       that you're guilty.  There won't be
10      subpoenas issued because there's no trial to
11      which witnesses would come.  And, of course,
12      there won't be any errors in a trial because
13      there will be no trial, so those are rights
14      you'll be giving up if you plead guilty here
15      today.  Do you understand that?
16          MR. KRZECZOWSKI:  Yes, Your Honor.
17          THE COURT:  The long and short of it is if
18      you plead guilty here today, there won't be
19      a trial of any kind.  Do you understand
20      that?
21          MR. KRZECZOWSKI:  Yes.
22          THE COURT:  Has anyone forced you or
23      threatened you or made you enter this guilty
24      plea here today?
25          MR. KRZECZOWSKI:  No, sir.

JEANNIE BOLEMAN, LCR, RPR, RMR (423) 255-0742

1    THE COURT:  All right.  I'm going to look
2    for a moment at the plea agreement.  There
3    is a plea agreement and a plea agreement
4    supplement, which is the typical procedure.
5    The plea agreement is Document 14, the
6    supplement is Document 15.  The plea
7    agreement itself is nine pages in length
8    signed by the two of you, Mr. Krzeczowski
9    and Mr. Bergmann, on December the 1st and
10   by — it looks like Mr. — I'm not sure who
11   signed it, but it's somebody for Tara Bay.
12   Looks like Mr. Porter, but it may be — I'm
13   not sure whose signature that is.
14       MR. BROOKS:  That looks like Mr. Porter's.
15       THE COURT:  All right.  That's for Tara
16   Bay and she signed it on the 12th of —
17   December 2nd.  That plea agreement has 15
18   paragraphs, and we've already discussed an
19   oral modification of that plea agreement to
20   include this interstate connection —
21   interstate connection with the facts.  Let
22   me ask counsel, does that appear to be the
23   plea agreement Mr. Krzeczowski has entered,
24   Mr. Bergmann?
25       MR. BERGMANN:  Yes, it does, Your Honor.

JEANNIE BOLEMAN, LCR, RPR, RMR (423) 255-0742

1  THE COURT:  And you agree that that is the

2  plea agreement as modified?

3     MR. BROOKS:  Yes, Your Honor.

4     THE COURT:  Mr. Krzeczowski, have you gone

5  over that plea agreement with your lawyer?

6     MR. KRZECZOWSKI:  Yes, Your Honor, I have.

7     THE COURT:  Is that the plea agreement

8  you've entered into?

9     MR. KRZECZOWSKI:  Yes.

10    THE COURT:  All right, sir.  Now, there

11  are a couple of paragraphs that I'm going to

12  need to go over with you that are typical to

13  go over.  One of them is an agreement in

14  Paragraph 7 on Page 5 where the government

15  is agreeing not to oppose a two-level

16  reduction for what's called acceptance of

17  responsibility.  They're also agreeing to

18  move for one more point off if your offense

19  level is 16 or greater.

20    I need to explain to you, the district

21  judge does have to decide whether to give

22  you those points off, and there's a process

23  he's going to follow before he makes that

24  decision that I'll explain you to.  In a

25  short amount of time after this hearing, you

1    and Mr. Bergmann will meet with the

2    probation office.  They're going to prepare

3    what's called a pre-sentence report or a PSR

4    that's going to tell about you and your

5    background and this offense.  You're

6    actually going to get a copy of it to

7    review, you and Mr. Bergmann will be able to

8    review a copy of it, the government gets a

9    copy as well.  Each side gets that so that

10   if they think there's anything wrong with

11   it, they can file objections.  And sometimes

12   there are no objections, other sometimes

13   there are objections that get resolved by

14   agreement.  But sometimes there are

15   objections that can't be resolved, and the

16   District Judge has to resolve them at the

17   sentencing hearing.

18        Now, at that point in time, the judge

19   knows more about you and your background and

20   this case, and the judge will then decide

21   whether to give you these points off.

22   Usually the judge does give you these points

23   off, but you need to understand that if for

24   some reason he does not give you those

25   points off, that alone does not give you the

JEANNIE BOLEMAN, LCR, RPR, RMR (423) 255-0742

1   right to withdraw your guilty plea.  Do you

2   understand that?

3        MR. KRZECZOWSKI:  Yes, sir.

4        THE COURT:  There are a couple of limited

5   waivers of appeal rights in this document as

6   well.  That's in Paragraph 12 of the plea

7   agreement on Pages 7 and 8.  You are

8   agreeing that you will not file any direct

9   appeal of the sentence imposed in this case

10  as long as the judge sentences you within

11  the calculated guideline range or below it.

12  Now, you still do have the right to appeal

13  if he should sentence you above the

14  calculated guideline range.  Do you

15  understand that provision is in your plea

16  agreement?

17       MR. KRZECZOWSKI:  Yes, sir.

18       THE COURT:  There's also a limited appeal

19  of what's called collateral attack rights

20  under 28 United States Code, Section 2255.

21  You're agreeing not to later on collaterally

22  attack your conviction, unless it falls

23  within two important exceptions.  You still

24  do have the right to raise ineffective

25  assistance of counsel or prosecutorial

misconduct if those things were not known to
you at the time of the sentencing hearing,
but other than that, you're waiving
collateral attack.  Do you understand that
that provision is in your plea agreement?

MR. KRZECZOWSKI:  Yes, Your Honor.

THE COURT:  All right.  Now, one other
thing I need to explain to you about the
plea agreement itself.  The District Judge
actually has to decide whether to accept or
reject the plea agreement in its entirety.
That would be really unusual to reject a
plea agreement, but if the judge did reject
your plea agreement in its entirety, you
would have a right to withdraw your guilty
plea and have a trial.  Do you understand
that?

MR. KRZECZOWSKI:  Yes, Your Honor.

THE COURT:  All right, sir.  Aside from
what's in this plea agreement, has any agent
or officer of the government or anyone else
suggested to you that you would get a
lighter sentence or some other form of
leniency if you would plead guilty?

MR. KRZECZOWSKI:  No, sir.

JEANNIE  BOLEMAN,  LCR,  RPR,  RMR  (423)  255-0742

         THE COURT:  There's no outside agreements

   other than this plea agreement, all right,

   sir.  I'm going to have my deputy clerk read

   Count 1 of the indictment, and then he will

   ask you for your plea, so if you will

   listens as he reads.

         THE CLERK:  Count 1, at times material to

   this indictment, defendant Brian Lee

   Krzeczowski operated personal computers from

   his residence located at 252 Cheeks Lane,

   Dayton, Tennessee with access to the

   internet through internet service providers.

   Defendant Brian Lee Krzeczowski downloaded

   images of children engaged in sexually

   explicit conduct and shared images of

   children engaged in sexually explicit

   conduct via the internet, his file sharing

   application, and his personal computers.

   The internet is a means of interstate

   commerce.

         The grand jury charges that from in or

   about November 2010 until in or about May

   2013 in the Eastern District of Tennessee

   and elsewhere, the defendant, Brian Lee

   Krzeczowski, did knowingly employ, use,

1    persuade, induce, entice, and coerce a

2    minor, M.V., a 16-year-old girl, to engage

3    in sexually explicit conduct for the purpose

4    of producing any visual depiction of such

5    conduct, knowing and having reason to know

6    that such visual depiction would be

7    transported using any means and facility of

8    interstate and foreign commerce, and the

9    visual depiction was transported using any

10   means and facility of interstate and foreign

11   commerce in violation of Title 18 United

12   States Code, Section 2251(a).  Mr.

13   Krzeczowski, what is your plea to Count 1 of

14   the indictment, guilty or not guilty?

15       MR. KRZECZOWSKI:  Guilty.

16       THE COURT:  All right.  Mr. Krzeczowski,

17   I'm now going to be talking about something

18   called elements of the offense.  Elements of

19   the offense are the things the government

20   would have to prove to the satisfaction of a

21   jury beyond a reasonable doubt in order to

22   convict you.  The elements of the offense

23   are set out on Page 2 of the plea agreement.

24   I'll ask Mr. Brooks to review those elements

25   with you, and I'm going ask you two

questions.  I'm going to ask you if you
understand those are the things the
government would have to prove to the
satisfaction of a jury beyond a reasonable
doubt to convict you.  Then I'm going to ask
if you feel like you understand what you're
pleading guilty to.  Thank you.

MR. BROOKS:  The first element is that the
defendant employed, used, persuaded,
induced, enticed, or coerced the victim to
take part in sexually explicit conduct for
the purpose of producing a visual depiction
of such conduct.  The second element is that
at the time, the victim was a minor.  The
third element is that the defendant knew or
had reason to know that such visual
depiction would be mailed or transported
across state lines or in foreign commerce or
that the visual depiction was mailed or
actually transported across state lines or
in foreign commerce.

THE COURT:  Thank you.  Mr. Krzeczowski,
do you understand that those are the things
the government would have to prove to the
satisfaction of a jury beyond a reasonable

1    doubt to convict you?

2       MR. KRZECZOWSKI:  Yes, I do.

3       THE COURT:  Do you feel like you

4    understand what you're pleading guilty to

5    here today?

6       MR. KRZECZOWSKI:  Yes, I do.

7       THE COURT:  At the beginning of the

8    hearing, Mr. Brooks advised you the range of

9    punishment.  I need to advice you that there

10    are certain civil consequences of the judge

11    accepting your guilty plea as well.  This is

12    a felony, and when a person is convicted of

13    a felony, they lose certain civil rights.

14    These rights you will lose - the right to

15    vote, the right to serve on a jury, the

16    right to hold public office, the right to

17    possess a firearm, the right to possess

18    ammunition.  In addition to that, if you

19    were not an American citizen, it would have

20    an effect on your immigration status, that

21    is subject you to deportation.  So those are

22    all the civil consequences that will apply

23    as a result of the judge accepting your

24    guilty plea.  Do you understand that?

25       MR. KRZECZOWSKI:  Yes.

JEANNIE BOLEMAN, LCR, RPR, RMR (423) 255-0742

THE COURT: Knowing that, do you still want to plead guilty?

MR. KRZECZOWSKI: Yes.

THE COURT: Now, I'm going to ask you a series of questions about whether you're on some form of release from some earlier conviction, and these things may not apply to you. First I'm going to ask if you are presently on probation for an earlier conviction. Then I'm going to ask if you're presently on either parole or supervised release from an earlier conviction.

First probation. Are you on probation for any earlier conviction?

MR. KRZECZOWSKI: No, Your Honor.

THE COURT: Are you on parole or supervised release from any earlier conviction?

MR. KRZECZOWSKI: No, Your Honor.

THE COURT: Those simply do not apply to you then. I will speak briefly about the Federal Sentencing Guidelines. In 1984, Congress passed a Sentencing Reform Act. That act created a sentencing commission, and the sentencing commission has developed

a whole series of rules known as the Federal
Sentencing Guidelines that advise the
district judges of the appropriate range of
punishment in all federal criminal cases.
Typically, lawyers go over the Federal
Sentencing Guidelines with their clients.
It's published in a book a little more than
an inch thick, and the lawyers go over
those. Have you and your lawyer gone over
the Federal Sentencing Guidelines and how
they might apply in your case?

MR. KRZECZOWSKI: Yes, Your Honor.

THE COURT: Do you understand if you have
prior convictions, those convictions will
increase your sentence under the Federal
Sentencing Guidelines. Do you understand
that?

MR. KRZECZOWSKI: Yes, sir.

THE COURT: Do you understand the judge is
not going to decide your guideline range
until after that pre-sentence report is
prepared by the probation office, after each
side gets a right to object if there's
anything wrong and the judge resolves any
objections, if there are any, only then will

JEANNIE BOLEMAN, LCR, RPR, RMR (423) 255-0742

he then calculate your guideline range under
the Federal Sentencing Guidelines. Do you
understand that's the procedure that he will
follow?

MR. KRZECZOWSKI: Yes, sir.

THE COURT: Do you understand that once
the judge does determine the guideline range
following that procedure, there are
circumstances where he can sentence you
either above or below the calculated
guideline range. Do you understand that?

MR. KRZECZOWSKI: Yes, sir.

THE COURT: Do you understand there are
circumstances where both you and the
government will have a right to appeal the
sentence that's imposed. In your case,
you've waived appeal rights if the
calculated -- if the sentence is within the
calculated guidelines or below, but if it's
above, you do have a right to appeal and the
government has appeal rights. Do you
understand those appeal rights exist?

MR. KRZECZOWSKI: Yes, sir.

THE COURT: Do you understand that under
the federal system, parole has been

1    abolished, there is no early release on

2    parole, do you understand that?

3        MR. KRZECZOWSKI:  Yes.

4        THE COURT:  Do you understand that once

5    you have done any active time the judge

6    requires you to do, you will be released

7    from custody, but be under a term of

8    supervision known as supervised release.  Do

9    you understand that will apply to you?

10        MR. KRZECZOWSKI:  Yes, Your Honor.

11        THE COURT:  All right, sir.  Next going to

12    discuss what's called the factual basis of

13    the case.  The factual basis is set out in

14    your plea agreement in Paragraph 4 on Pages

15    2 and 3 of the agreement.  It has been

16    modified to make clear that acts that

17    occurred that involve interstate commerce,

18    that is things were sent across state lines,

19    but with that modification, I'm going to

20    need to ask Mr. Bergmann.  Have you gone

21    over this paragraph with your client, and

22    with that modification, do you understand he

23    is in agreement with the factual basis as

24    modified?

25        MR. BERGMANN:  Yes, to both questions,

1    Your Honor.  We have gone over this
2    Paragraph 4 on Pages 2 and 3, and I do
3    understand that he is in agreement with the
4    modification.
5        THE COURT:  And, Mr. Brooks, with regard
6    to that paragraph as modified, that
7    paragraph does contain all of the essential
8    elements of the offense?
9        MR. KRZECZOWSKI:  Yes, Your Honor.
10       THE COURT:  All right.  Mr. Krzeczowski,
11   have you gone over Paragraph 4 and do you
12   understand the oral modification that's made
13   to make clear that there's interstate
14   connection, interstate commerce involved in
15   this, do you understand that?
16       MR. KRZECZOWSKI:  Yes, Your Honor.
17       THE COURT:  As it's been modified, do you
18   agree with the government's summary of what
19   you did as set out in Paragraph 4 and as
20   modified today in this hearing?
21       MR. KRZECZOWSKI:  Yes, Your Honor.
22       THE COURT:  Are you offering to plead
23   guilty here because you are, in fact,
24   guilty?
25       MR. KRZECZOWSKI:  Yes, Your Honor.

1       THE COURT:  Very well, Mr. Krzeczowski.

2    It's the finding of the Court in the case of

3    United States of America versus Brian Lee

4    Krzeczowski, that Mr. Krzeczowski is fully

5    competent.  I conclude that this is an

6    informed and knowing and voluntary plea,

7    that is you understand the Constitutional

8    rights you're giving up and that no one has

9    forced you to do this.  It appears to be an

10    agreement that is supported by an

11    independent basis in fact that contains each

12    of the essential elements of the offense

13    and, therefore, I'm going to recommend that

14    this plea be accepted by the district judge.

15       The specific recommendation is that the

16    plea be accepted and that you be adjudged

17    guilty of Count 1 of the indictment.  The

18    other counts will be dismissed at sentencing

19    pursuant to the plea agreement.  The Court

20    will, of course, defer acceptance or

21    rejection of this plea agreement until the

22    sentencing hearing, that's the standard

23    procedure.

24       Sentencing will be accomplished in

25    accordance with the Sentencing Reform Act of

1    1984, Title 18 United States Code, Section

2    3553 and the Court's local rule.  You will

3    remain in custody pending a sentencing

4    hearing in this case.  And a sentencing

5    hearing can be conducted on April 6 at 9

6    o'clock.  If you check your calendars,

7    counsel, and let me know if there's an

8    alternate date and an alternate time of 2

9    o'clock if that does not work, but April 6

10   at 9, is that satisfactory?

11       MR. BERGMANN:  That's satisfactory.  Thank

12   you, Your Honor.

13       THE COURT:  Government?

14       MR. BROOKS:  Yes, Your Honor.  Thank you.

15       THE COURT:  Then that will be set April

16   6th at 9 a.m.  I believe that covers all the

17   things we needed to do this in this case.

18   Anything further?

19       MR. BROOKS:  No, Your Honor.

20       THE COURT:  Anything further on behalf of

21   Mr. Krzeczowski?

22       MR. BERGMANN:  No thank you, Your Honor.

23       THE COURT:  Mr. Krzeczowski, do you have

24   any questions, sir?

25       THE WITNESS:  No, sir.

1       THE COURT:  Very well.  This hearing is

2    adjourned.

3        (Whereupon, the hearing was concluded.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JEANNIE BOLEMAN, LCR, RPR, RMR (423) 255-0742

CERTIFICATE OF REPORTER

I, Jeannie Boleman, Court Reporter, with offices at Chattanooga, Tennessee, do hereby certify:

That I reported on the Stenograph shorthand machine the proceedings held in open court on December 23, 2014, in the matter of USA vs. KRZECZOWSKI, Case No. 1:14-CR-109; that said proceedings in connection with the hearing were reduced to typewritten form by me; and that the foregoing transcript (Pages 1 through 33) is a true and accurate record of said proceedings to the best of my skills and ability.

Further, that I am not kin to any of the parties involved therein nor their counsel, and I have no financial or otherwise interest in the outcome of these proceedings whatsoever.

In Witness Whereof, I have hereunto affixed my official seal and signature this the 9th day of March, 2016.

Ss//Jeannie Boleman
Jeannie Boleman, CSR, RPR, RMR
Notary Public at Large
State of Tennessee

My Commission Expires:   April 8, 2018

JEANNIE BOLEMAN, LCR, RPR, RMR (423) 255-0742

## $

$100 [1] - 8:25
$250,000 [1] - 8:24

## 1

1 [7] - 8:16, 8:18, 21:4, 21:7, 22:13, 30:17, 33:9
100 [1] - 4:22
1110 [1] - 1:19
12 [1] - 19:6
12th [1] - 16:16
14 [3] - 2:18, 7:24, 16:5
15 [3] - 8:21, 16:6, 16:17
16 [1] - 17:19
16-year-old [1] - 22:2
18 [3] - 8:19, 22:11, 31:1
1984 [2] - 25:22, 31:1
1:14-CR-109 [3] - 1:7, 2:3, 33:7
1st [1] - 16:9

## 2

2 [6] - 2:21, 2:22, 22:23, 28:15, 29:2, 31:8
200 [1] - 1:23
2010 [1] - 21:22
2013 [1] - 21:23
2014 [2] - 1:13, 33:5
2016 [1] - 33:18
2018 [1] - 33:22
2251 [1] - 8:20
2251(a) [1] - 22:12
2255 [1] - 19:20
23 [2] - 1:13, 33:5
252 [1] - 21:10
28 [1] - 19:20
2nd [1] - 16:17

## 3

3 [5] - 2:21, 2:22, 4:14, 28:15, 29:2
30 [1] - 8:22
33 [1] - 33:9
3553 [1] - 31:2
37402 [2] - 1:20, 1:24

## 4

4 [5] - 2:21, 28:14, 29:2, 29:11, 29:19
41 [1] - 9:25

## 423 [2] - 1:20, 1:24

## 5

5 [1] - 17:14
515 [1] - 1:19

## 6

6 [2] - 31:5, 31:9
6th [1] - 31:16

## 7

7 [2] - 17:14, 19:7
701 [1] - 1:23
752-5140 [1] - 1:20
756-3245 [1] - 1:24

## 8

8 [2] - 19:7, 33:22

## 9

9 [3] - 31:5, 31:10, 31:16
9th [1] - 33:17

## A

a.m [1] - 31:16
ability [1] - 33:11
able [3] - 10:16, 13:9, 18:7
abolished [1] - 28:1
accept [2] - 5:15, 7:20, 20:10
acceptance [1] - 7:21, 17:16, 30:20
accepted [2] - 30:14, 30:16
accepting [2] - 24:11, 24:23
access [1] - 21:11
accomplished [1] - 30:24
accordance [1] - 30:25
account [1] - 3:18
accurate [1] - 33:10
Act [2] - 25:23, 30:25
act [1] - 25:24
active [1] - 28:5
acts [1] - 28:16
actual [1] - 7:20
add [2] - 2:15, 4:5, 4:23
addiction [1] - 10:10
addition [1] - 24:18

adjourned [1] - 32:2
adjudged [1] - 30:16
admits [1] - 3:17
advice [1] - 24:9
advise [2] - 8:10, 26:2
advised [2] - 8:7, 24:8
affixed [1] - 33:16
agent [2] - 3:25, 20:20
agree [2] - 17:1, 29:18
agreeing [5] - 8:5, 17:15, 17:17, 19:8, 19:21
agreement [40] - 2:17, 3:15, 4:7, 5:19, 6:3, 7:11, 7:14, 11:15, 11:16, 11:20, 16:2, 16:3, 16:5, 16:7, 16:17, 16:19, 16:23, 17:2, 17:5, 17:7, 17:13, 18:14, 19:7, 19:16, 20:5, 20:9, 20:11, 20:13, 20:14, 20:20, 21:2, 22:23, 28:14, 28:15, 28:23, 29:3, 30:10, 30:19, 30:21
agreements [1] - 21:1
alcoholic [1] - 10:15
allow [2] - 5:14, 8:5
alone [1] - 18:25
alternate [1] - 31:8
alternatives [2] - 7:15, 11:17
amend [2] - 3:13, 4:23
amended [5] - 3:14, 4:6, 5:14, 5:18, 5:19
amendment [5] - 5:2, 5:14, 5:15
America [1] - 30:3
AMERICA [1] - 1:5
American [1] - 24:19
ammunition [1] - 24:18
amount [1] - 17:25
answer [1] - 7:6
appeal [9] - 19:5, 19:9, 19:12, 19:18, 27:15, 27:17, 27:20, 27:21, 27:22
Appeals [1] - 15:4
appear [1] - 16:22
APPEARANCES [1] - 1:16
appearances [1] - 2:6
application [1] - 21:18
apply [5] - 24:22, 25:7, 25:20, 26:11, 28:9
appropriate [1] - 28:9
April [4] - 31:5, 31:9, 31:15, 33:22

aside [1] - 20:19
aspect [1] - 2:15
assess [3] - 6:21, 6:22, 7:3
assessment [2] - 6:19, 8:25
assigned [1] - 6:6
assistance [1] - 19:25
Assistant [1] - 1:19
AT [1] - 1:3
attack [3] - 19:19, 19:22, 20:4
Attorney [1] - 1:19, 1:23

## B

background [2] - 18:5, 18:19
basis [8] - 2:14, 2:20, 4:6, 5:18, 28:12, 28:13, 28:23, 30:11
Bay [2] - 16:11, 16:16
BEFORE [1] - 1:14
beginning [2] - 5:25, 24:7
behalf [3] - 2:8, 2:10, 31:20
below [3] - 19:11, 27:10, 27:19
benefits [2] - 7:9, 11:13
BERGMANN [9] - 1:22, 2:10, 5:8, 9:4, 10:21, 16:25, 28:25, 31:11, 31:22
Bergmann [2] - 2:10, 10:18, 11:11, 13:8, 16:9, 16:24, 18:1, 18:7, 28:20
best [1] - 33:10
between [2] - 7:15, 11:17
beverage [1] - 10:15
beyond [6] - 12:12, 14:17, 15:7, 22:21, 23:4, 23:25
Bill [1] - 6:5
BILL [1] - 1:14
Boleman [3] - 33:2, 33:20, 33:20
book [1] - 26:7
Brian [6] - 2:11, 9:23, 21:8, 21:13, 21:24, 30:3
BRIAN [2] - 1:8, 9:13
briefly [1] - 25:21
BROOKS [17] - 1:18, 2:8, 2:13, 2:19, 2:23, 3:7, 3:10, 4:12, 4:20,

5:20, 5:22, 8:15, 16:14, 17:3, 23:8, 31:14, 31:19
Brooks [6] - 2:8, 8:10, 8:11, 22:24, 24:8, 29:5
burden [1] - 14:16

## C

calculate [1] - 27:1
calculated [5] - 19:11, 19:14, 27:10, 27:18, 27:19
calendars [1] - 31:6
carries [1] - 8:20
CARTER [1] - 1:14
Carter [1] - 6:5
Case [1] - 33:6
case [19] - 1:7, 2:2, 2:3, 6:7, 7:16, 9:8, 11:4, 11:7, 11:12, 12:6, 14:20, 18:20, 19:9, 26:11, 27:16, 28:13, 30:2, 31:4, 31:17
cases [1] - 26:4
certain [2] - 24:10, 24:13
CERTIFICATE [1] - 33:1
certify [1] - 33:3
chair [1] - 13:6
change [1] - 3:16
CHANGE [1] - 1:12
charges [2] - 8:18, 21:21
CHATTANOOGA [1] - 1:3
Chattanooga [4] - 1:11, 1:20, 1:24, 33:3
check [1] - 31:6
Cheeks [1] - 21:10
Cherry [1] - 1:23
child [1] - 8:19
children [2] - 21:14, 21:16
Cincinnati [1] - 15:4
circumstances [2] - 27:9, 27:14
citizen [1] - 24:19
civil [3] - 24:10, 24:13, 24:22
clear [2] - 28:16, 29:13
clearly [1] - 4:3
clerk [2] - 9:12, 21:3
CLERK [2] - 2:3, 21:7
client [2] - 10:19, 28:21

clients [1] - 26:6
**Code** [3] - 19:20, 22:12, 31:1
**coerce** [1] - 22:1
**coerced** [1] - 23:10
**collateral** [2] - 19:19, 20:4
**collaterally** [1] - 19:21
**coming** [1] - 3:25
**commerce** [10] - 4:11, 5:5, 5:7, 21:20, 22:8, 22:11, 23:18, 23:21, 28:17, 29:14
**Commission** [1] - 33:22
**commission** [2] - 25:24, 25:25
**compelled** [2] - 13:11, 14:9
**competent** [3] - 6:21, 10:19, 30:5
**computer** [4] - 3:8, 3:11, 3:22, 4:5
**computers** [2] - 21:9, 21:18
**conclude** [3] - 7:7, 7:12, 30:5
**concluded** [1] - 32:3
**conduct** [8] - 6:11, 8:5, 21:15, 21:17, 22:3, 22:5, 23:11, 23:13
**conducted** [1] - 31:5
**conducting** [1] - 6:17
**confirms** [1] - 4:1
**confront** [2] - 13:4, 13:5
**confrontation** [1] - 14:4
**Congress** [1] - 25:23
**connection** [5] - 4:10, 16:20, 16:21, 29:14, 33:7
**consent** [4] - 6:12, 8:3, 9:2, 9:6
**consequences** [2] - 24:10, 24:22
**consider** [1] - 10:18
**constitution** [1] - 12:7
**Constitution** [2] - 12:25, 13:3
**Constitutional** [1] - 30:7
**constitutional** [3] - 6:25, 11:24, 12:2
**contain** [1] - 29:7
**contained** [2] - 2:21, 5:19
**contains** [1] - 30:11
**convict** [2] - 22:22,

23:5, 24:1
**convicted** [1] - 24:12
**conviction** [6] - 19:22, 25:7, 25:10, 25:12, 25:14, 25:18
**convictions** [2] - 26:14
**convince** [1] - 12:12
**copy** [3] - 18:6, 18:8, 18:9
**correct** [1] - 5:11
**counsel** [8] - 2:5, 5:1, 5:17, 13:15, 16:22, 19:25, 31:7, 33:13
**Count** [4] - 8:16, 21:4, 22:13, 30:17
**count** [4] - 8:14, 8:17, 10:24, 21:7
**counts** [2] - 8:16, 30:18
**couple** [2] - 17:11, 19:4
**course** [3] - 13:20, 15:11, 30:20
**COURT** [69] - 1:1, 2:2, 2:5, 2:12, 2:17, 2:20, 3:6, 3:9, 4:8, 4:13, 4:25, 5:13, 5:21, 5:23, 9:1, 9:5, 9:16, 9:22, 9:24, 10:1, 10:5, 10:9, 10:13, 10:18, 10:22, 11:3, 11:6, 11:9, 11:23, 12:25, 14:15, 15:17, 15:22, 16:1, 16:15, 17:1, 17:4, 17:7, 17:10, 19:4, 19:18, 20:7, 20:19, 21:1, 22:16, 23:22, 24:3, 24:7, 25:1, 25:4, 25:16, 25:20, 26:13, 26:19, 27:6, 27:13, 27:24, 28:4, 28:11, 29:5, 29:10, 29:17, 29:22, 30:1, 31:13, 31:15, 31:20, 31:23, 32:1
**court** [3] - 9:7, 14:24, 33:5
**Court** [5] - 2:24, 15:3, 30:2, 30:19, 33:2
**Court's** [1] - 31:2
**covers** [1] - 31:16
**created** [1] - 25:24
**criminal** [1] - 26:4
**cross** [3] - 13:4, 13:8, 14:5
**cross-examination** [1] - 14:5
**cross-examine** [2] -

13:4, 13:8
**CSR** [1] - 33:20
**custody** [2] - 28:7, 31:3

## D

**date** [1] - 31:8
**days** [1] - 7:24
**Dayton** [1] - 21:11
**DECEMBER** [1] - 1:13
**December** [3] - 16:9, 16:17, 33:5
**decide** [5] - 11:12, 17:21, 18:20, 20:10, 26:20
**decided** [2] - 7:15, 11:18
**decision** [3] - 11:9, 11:21, 17:24
**defendant** [7] - 3:2, 3:17, 21:8, 21:13, 21:24, 23:9, 23:15
**Defendant** [1] - 1:9
**DEFENDANT** [1] - 1:21
**defense** [2] - 5:1, 5:17
**defer** [1] - 30:20
**depiction** [6] - 22:4, 22:6, 22:9, 23:12, 23:17, 23:19
**deportation** [1] - 24:21
**deputy** [2] - 9:11, 21:3
**determine** [1] - 27:7
**developed** [1] - 25:25
**device** [2] - 3:3, 3:7
**direct** [1] - 19:8
**discuss** [1] - 28:12
**discussed** [7] - 5:9, 7:8, 7:9, 11:11, 11:11, 11:13, 16:18
**dismissed** [2] - 8:17, 30:18
**District** [6] - 6:8, 6:10, 6:16, 18:16, 20:9, 21:23
**district** [3] - 17:20, 26:3, 30:14
**DISTRICT** [1] - 1:1, 1:2
**Document** [3] - 2:18, 16:5, 16:6
**document** [2] - 7:17, 19:5
**done** [1] - 28:5
**doubt** [7] - 11:13, 12:13, 14:18, 15:8, 22:21, 23:5, 24:1
**downloaded** [1] - 21:13

13:4, 13:8
**drug** [1] - 10:14
**drugs** [1] - 10:10
**duly** [1] - 9:14
**during** [7] - 7:2, 12:6, 13:2, 13:10, 13:22, 14:2, 15:2

## E

**early** [1] - 28:1
**EASTERN** [1] - 1:2
**Eastern** [1] - 21:23
**education** [1] - 10:1
**effect** [2] - 3:14, 4:20
**either** [3] - 14:4, 25:11, 27:10
**elect** [2] - 13:15, 13:16
**element** [3] - 23:8, 23:13, 23:15
**elements** [8] - 2:16, 4:9, 22:18, 22:22, 22:24, 29:8, 30:12
**elsewhere** [1] - 21:24
**employ** [1] - 21:25
**employed** [1] - 23:9
**ends** [1] - 4:14
**engage** [1] - 22:2
**engaged** [2] - 21:14, 21:16
**enter** [6] - 6:2, 6:21, 7:4, 10:19, 11:19, 15:23
**entered** [2] - 16:23, 17:8
**entering** [5] - 7:10, 10:25, 11:14, 11:15, 14:7
**entice** [1] - 22:1
**enticed** [1] - 23:10
**entirety** [2] - 20:11, 20:14
**errors** [3] - 15:2, 15:3, 15:12
**ESQUIRE** [2] - 1:18, 1:22
**essential** [2] - 29:7, 30:12
**essentially** [1] - 8:4
**evidence** [2] - 12:11, 13:23
**examination** [1] - 14:5
**examine** [2] - 13:4, 13:8
**examined** [1] - 9:14
**exceptions** [1] - 19:23
**executed** [1] - 9:6
**exist** [1] - 27:22
**Expires** [1] - 33:22
**explain** [6] - 6:4, 6:14, 7:2, 17:20, 17:24,

20:8
**explicit** [4] - 21:15, 21:16, 22:3, 23:11
**eye** [1] - 13:7

## F

**facility** [2] - 22:7, 22:10
**fact** [2] - 29:23, 30:11
**facts** [1] - 16:21
**factual** [7] - 2:14, 2:20, 4:6, 5:18, 28:12, 28:13, 28:23
**falls** [1] - 19:22
**favorable** [2] - 14:19, 14:20
**Federal** [5] - 25:22, 26:1, 26:5, 26:10, 26:15, 27:2
**federal** [2] - 26:4, 27:25
**fee** [1] - 8:25
**felony** [2] - 24:12, 24:13
**file** [4] - 4:6, 5:18, 7:18, 18:11, 19:8, 21:17
**filed** [1] - 3:14
**finally** [2] - 14:15, 14:25
**financial** [1] - 33:14
**fine** [2] - 5:21, 8:23
**firearm** [1] - 24:17
**first** [8] - 2:7, 9:14, 10:24, 12:4, 13:1, 23:8, 25:8, 25:13
**flow** [2] - 7:10, 11:14
**follow** [2] - 17:23, 27:4
**followed** [1] - 6:13
**following** [1] - 27:8
**follows** [1] - 9:15
**FOR** [2] - 1:17, 1:21
**forced** [3] - 7:4, 15:22, 30:9
**foregoing** [1] - 33:9
**foreign** [4] - 22:8, 22:10, 23:18, 23:21
**form** [8] - 8:3, 8:4, 8:7, 9:3, 9:6, 20:23, 25:6, 33:8
**full** [1] - 9:22
**fuller** [1] - 5:3
**fully** [1] - 30:4

## G

**G.E.D** [1] - 10:4
**girl** [1] - 22:2
**gmail** [1] - 3:18

**Gmail's** [1] - 4:2
**government** [13] - 2:6, 5:11, 12:11, 15:6, 17:14, 18:8, 20:21, 22:19, 23:3, 23:24, 27:15, 27:21, 31:13
**government's** [3] - 13:16, 14:16, 29:18
**grand** [1] - 21:21
**greater** [1] - 17:19
**groups** [1] - 12:3
**guarantees** [3] - 12:7, 13:1, 13:3
**guess** [3] - 4:17, 4:25, 5:3
**guideline** [6] - 19:11, 19:14, 26:20, 27:1, 27:7, 27:11
**Guidelines** [6] - 25:22, 26:2, 26:6, 26:10, 26:16, 27:2
**guidelines** [1] - 27:19
**guilt** [2] - 14:17, 15:7
**guilty** [44] - 6:2, 6:3, 6:9, 7:1, 7:4, 7:10, 7:20, 8:8, 8:12, 10:25, 11:9, 11:19, 11:25, 12:1, 12:4, 12:5, 12:13, 12:14, 12:16, 12:18, 12:21, 12:23, 13:24, 14:11, 14:12, 15:5, 15:9, 15:14, 15:18, 15:23, 19:1, 20:15, 20:24, 22:14, 22:15, 23:7, 24:4, 24:11, 24:24, 25:2, 29:23, 29:24, 30:17

## H

**hand** [1] - 9:11
**handing** [1] - 8:2
**handle** [1] - 7:16
**HEARING** [1] - 1:12
**hearing** [15] - 6:11, 6:18, 7:2, 8:5, 17:25, 18:17, 20:2, 24:8, 29:20, 30:22, 31:4, 31:5, 32:1, 32:3, 33:8
**held** [1] - 33:5
**hereby** [1] - 33:3
**hereunto** [1] - 33:16
**high** [1] - 10:3
**hold** [1] - 24:16
**Honor** [30] - 2:11, 2:13, 2:19, 4:12, 5:8, 5:20, 9:21, 10:21, 11:22, 12:24, 14:14,

15:16, 16:25, 17:3, 17:6, 20:6, 20:18, 25:15, 25:19, 26:12, 28:10, 29:1, 29:9, 29:16, 29:21, 29:25, 31:12, 31:14, 31:19, 31:22
**HONORABLE** [1] - 1:14

## I

**Ill** [1] - 1:22
**illness** [1] - 10:7
**images** [7] - 2:25, 3:1, 3:21, 4:3, 4:15, 21:14, 21:15
**immigration** [1] - 24:20
**important** [1] - 19:23
**imposed** [2] - 19:9, 27:16
**IN** [1] - 1:1
**inch** [1] - 26:8
**include** [1] - 16:20
**increase** [1] - 26:15
**incriminate** [2] - 13:11, 14:9
**independent** [1] - 30:11
**indictment** [6] - 8:14, 10:24, 21:4, 21:8, 22:14, 30:17
**induce** [1] - 22:1
**induced** [1] - 23:10
**ineffective** [1] - 19:24
**influence** [1] - 10:14
**informed** [1] - 30:6
**innocence** [2] - 12:9
**innocent** [1] - 12:20
**inside** [1] - 3:10
**interest** [1] - 33:14
**internet** [7] - 4:15, 4:21, 5:5, 21:12, 21:17, 21:19
**interstate** [11] - 4:10, 5:4, 5:7, 16:20, 16:21, 21:19, 22:8, 22:10, 28:17, 29:13, 29:14
**involve** [1] - 28:17
**involved** [4] - 5:4, 5:7, 29:14, 33:13
**issue** [2] - 5:10, 14:23
**issued** [1] - 15:10
**items** [1] - 3:10
**itself** [2] - 16:7, 20:9

## J

**JAMES** [1] - 1:18
**James** [1] - 2:8
**Jeannie** [2] - 33:2, 33:20
**judge** [15] - 6:6, 15:1, 17:21, 18:18, 18:20, 18:22, 19:10, 20:13, 24:10, 24:23, 26:19, 26:24, 27:7, 28:5, 30:14
**Judge** [12] - 6:7, 6:8, 6:10, 6:17, 6:20, 7:19, 7:21, 8:6, 9:4, 18:16, 20:9
**judges** [1] - 26:3
**jury** [13] - 7:8, 7:14, 11:12, 11:19, 12:6, 12:12, 12:19, 13:14, 21:21, 22:21, 23:4, 23:25, 24:15

## K

**kin** [1] - 33:12
**kind** [2] - 10:11, 15:19
**knowing** [4] - 6:23, 22:5, 25:1, 30:6
**knowingly** [1] - 21:25
**known** [4] - 6:23, 20:1, 26:1, 28:8
**knows** [1] - 18:19
**KRZECZOWSKI** [44] - 1:8, 9:13, 9:21, 9:23, 9:25, 10:3, 10:8, 10:12, 10:17, 11:2, 11:5, 11:8, 11:22, 12:24, 14:14, 15:16, 15:21, 15:25, 17:6, 17:9, 19:3, 19:17, 20:6, 20:18, 20:25, 22:15, 23:8, 24:2, 24:6, 24:25, 25:3, 25:15, 25:19, 26:12, 26:18, 27:5, 27:12, 27:23, 28:3, 28:10, 29:9, 29:16, 29:21, 29:25, 31:11, 31:14, 31:19, 31:22
**Krzeczowski** [23] - 2:4, 2:11, 5:9, 5:25, 9:9, 9:16, 9:23, 10:23, 16:8, 16:23, 17:4, 21:9, 21:13, 21:25, 22:13, 22:16, 23:22, 29:10, 30:1, 30:4, 31:21, 31:23

## L

**Lane** [1] - 21:10
**language** [3] - 4:14, 4:24, 5:16
**Large** [1] - 33:21
**Law** [1] - 1:23
**lawful** [1] - 8:24
**lawyer** [8] - 7:7, 11:1, 11:4, 13:2, 13:16, 14:2, 17:5, 26:9
**lawyers** [2] - 26:5, 26:8
**LEE** [2] - 1:8, 9:13
**Lee** [5] - 9:23, 21:8, 21:13, 21:24, 30:3
**length** [1] - 16:7
**leniency** [1] - 20:24
**level** [2] - 17:15, 17:19
**life** [1] - 8:23
**lighter** [1] - 20:23
**limited** [2] - 19:4, 19:18
**lines** [4] - 3:2, 23:18, 23:20, 28:18
**listens** [1] - 21:6
**local** [1] - 31:2
**located** [1] - 21:10
**look** [2] - 13:7, 16:1
**looks** [3] - 16:10, 16:12, 16:14
**lose** [2] - 24:13, 24:14

## M

**M.V** [1] - 22:2
**machine** [1] - 33:4
**Magistrate** [1] - 6:6
**mailed** [2] - 23:17, 23:19
**mandatory** [1] - 8:21
**manufactured** [3] - 3:4, 3:11, 3:24
**March** [1] - 33:17
**Market** [1] - 1:19
**material** [1] - 21:7
**matter** [1] - 33:6
**Mattice** [6] - 6:7, 6:10, 6:20, 7:19, 7:22, 8:6
**maximum** [1] - 8:22
**mean** [1] - 13:12
**meaning** [1] - 8:6
**means** [5] - 13:6, 13:8, 21:19, 22:7, 22:10
**meet** [1] - 18:1
**mental** [1] - 10:7
**mentioned** [1] - 14:16
**met** [1] - 2:16
**might** [3] - 7:10,

11:14, 26:11
**minimum** [1] - 8:21
**minor** [2] - 22:2, 23:14
**misconduct** [1] - 20:1
**mistakes** [1] - 15:1
**modification** [5] - 16:19, 28:19, 28:22, 29:4, 29:12
**modified** [7] - 7:11, 17:2, 28:16, 28:24, 29:6, 29:17, 29:20
**moment** [6] - 8:2, 9:4, 12:17, 12:20, 14:10, 16:2
**move** [1] - 17:18
**MR** [65] - 2:8, 2:10, 2:13, 2:19, 2:23, 3:7, 3:10, 4:12, 4:20, 5:8, 5:20, 5:22, 8:15, 9:4, 9:21, 9:23, 9:25, 10:3, 10:8, 10:12, 10:17, 10:21, 11:2, 11:5, 11:8, 11:22, 12:24, 14:14, 15:16, 15:21, 15:25, 16:14, 16:25, 17:3, 17:6, 17:9, 19:3, 19:17, 20:6, 20:18, 20:25, 22:15, 23:8, 24:2, 24:6, 24:25, 25:3, 25:15, 25:19, 26:12, 26:18, 27:5, 27:12, 27:23, 28:3, 28:10, 28:25, 29:9, 29:16, 29:21, 29:25, 31:11, 31:14, 31:19, 31:22
**multiple** [1] - 8:14

## N

**name** [2] - 6:5, 9:22
**narcotic** [2] - 10:10, 10:14
**necessarily** [1] - 3:21
**need** [10] - 2:25, 3:1, 6:4, 9:8, 17:12, 17:20, 18:23, 20:8, 24:9, 28:20
**needed** [1] - 31:17
**next** [3] - 12:25, 14:18, 28:11
**nine** [1] - 16:7
**Notary** [1] - 33:21
**November** [1] - 21:22
**Number** [2] - 8:16, 8:18
**number** [1] - 2:3

## O

o'clock [2] - 31:6, 31:9
oath [2] - 9:14, 9:17
object [2] - 7:23, 26:23
objection [1] - 5:1
objections [6] - 5:12, 18:11, 18:12, 18:13, 18:15, 26:25
occurred [1] - 28:17
OF [4] - 1:2, 1:5, 1:12, 33:1
offense [8] - 4:9, 17:18, 18:5, 22:18, 22:19, 22:22, 29:8, 30:12
offering [1] - 29:22
office [3] - 18:2, 24:16, 26:22
officer [1] - 20:21
offices [1] - 33:2
official [1] - 33:17
Ohio [1] - 15:4
old [1] - 9:24
ON [1] - 1:13
once [2] - 27:6, 28:4
one [7] - 4:8, 7:12, 9:4, 17:13, 17:18, 20:7, 30:8
open [2] - 9:6, 33:5
operated [1] - 21:9
oppose [1] - 17:15
options [1] - 11:18
oral [3] - 5:15, 16:19, 29:12
order [1] - 22:21
orders [1] - 14:24
originally [1] - 8:14
otherwise [2] - 4:7, 33:14
outcome [1] - 33:14
outside [9] - 3:4, 3:11, 3:20, 3:22, 3:24, 4:2, 4:16, 4:18, 21:1

## P

Page [2] - 17:14, 22:23
Pages [5] - 2:21, 19:7, 28:14, 29:2, 33:9
pages [1] - 16:7
Paragraph [8] - 2:21, 4:13, 17:14, 19:6, 28:14, 29:2, 29:11, 29:19
paragraph [3] - 28:21, 29:6, 29:7
paragraphs [2] -

16:18, 17:11
parole [4] - 25:11, 25:16, 27:25, 28:2
part [2] - 9:7, 23:11
particular [1] - 4:23
particularly [1] - 10:24
parties [1] - 33:12
parts [3] - 3:3, 3:24, 4:4
passed [1] - 25:23
past [2] - 10:5, 10:9
PAUL [1] - 1:22
Paul [1] - 2:10
pending [1] - 31:3
people [1] - 14:25
percent [1] - 4:22
period [1] - 7:24
perjury [1] - 9:19
persist [2] - 12:5, 12:16
person [1] - 24:12
personal [2] - 21:9, 21:18
persuade [1] - 22:1
persuaded [1] - 23:9
phone [1] - 4:1
pictures [1] - 3:19
Plaintiff [1] - 1:6
PLAINTIFF [1] - 1:17
plea [60] - 2:17, 3:14, 4:7, 5:19, 6:2, 6:3, 6:9, 6:22, 6:24, 7:5, 7:10, 7:11, 7:14, 7:20, 7:21, 10:19, 10:25, 11:14, 11:15, 11:16, 11:19, 11:20, 12:5, 12:16, 14:7, 15:24, 16:2, 16:3, 16:5, 16:6, 16:17, 16:19, 16:23, 17:2, 17:5, 17:7, 19:1, 19:6, 19:15, 20:5, 20:9, 20:11, 20:13, 20:14, 20:16, 20:20, 21:2, 21:5, 22:13, 22:23, 24:11, 24:24, 28:14, 30:6, 30:14, 30:16, 30:19, 30:21
PLEA [1] - 1:12
plead [12] - 11:9, 12:4, 12:14, 12:23, 13:24, 14:12, 15:5, 15:14, 15:18, 20:24, 25:2, 29:22
pleading [7] - 7:1, 8:8, 8:12, 8:15, 11:25, 23:7, 24:4
pleads [1] - 12:1
point [2] - 17:18, 18:18

points [4] - 17:22, 18:21, 18:22, 18:25
pornography [1] - 8:19
porter [1] - 16:12
porter's [1] - 16:14
possess [2] - 24:17
possible [3] - 7:9, 8:22, 11:13
pre [2] - 18:3, 26:21
pre-sentence [2] - 18:3, 26:21
prefer [1] - 2:24
preliminarily [1] - 5:24
prepare [2] - 7:17, 18:2
prepared [1] - 26:22
present [1] - 13:23
presently [3] - 10:13, 25:9, 25:11
presents [1] - 12:11
presumed [1] - 12:19
presumption [2] - 12:8, 12:9
probation [5] - 18:2, 25:9, 25:13, 26:22
procedurally [1] - 7:25
procedure [5] - 6:13, 16:4, 27:3, 27:8, 30:23
proceedings [4] - 33:5, 33:7, 33:10, 33:15
process [1] - 17:22
producing [2] - 22:4, 23:12
production [1] - 8:18
proposed [1] - 5:16
prosecuted [1] - 9:19
prosecutorial [1] - 19:25
prove [5] - 14:17, 15:7, 22:20, 23:3, 23:24
providers [1] - 21:12
provision [2] - 19:15, 20:5
PSR [1] - 18:3
Public [1] - 33:21
public [1] - 24:16
published [1] - 26:7
punishment [5] - 8:9, 8:12, 9:2, 24:9, 26:4
purpose [3] - 6:18, 22:3, 23:12
pursuant [5] - 6:3, 7:11, 11:15, 11:20, 30:19

## Q

questions [10] - 6:15, 6:16, 6:19, 7:6, 13:9, 23:1, 25:5, 28:25, 31:24

## R

raise [3] - 9:11, 15:2, 19:24
range [10] - 8:9, 8:11, 19:11, 19:14, 24:8, 26:3, 26:20, 27:1, 27:7, 27:11
ranges [1] - 9:2
read [1] - 21:3
reads [1] - 21:6
really [2] - 3:15, 20:12
reason [4] - 4:8, 18:24, 22:5, 23:16
reasonable [6] - 12:12, 14:17, 15:7, 22:21, 23:4, 23:25
received [1] - 9:5
recommend [2] - 7:19, 30:13
recommendation [4] - 6:20, 7:18, 7:24, 30:15
record [2] - 2:6, 9:7, 33:10
reduced [1] - 33:8
reduction [1] - 17:16
Reform [1] - 25:23, 30:25
regard [2] - 4:7, 29:5
reject [3] - 20:11, 20:12, 20:13
rejection [1] - 30:21
release [6] - 8:23, 25:6, 25:12, 25:17, 28:1, 28:8
released [1] - 28:6
remain [2] - 9:10, 31:3
report [4] - 7:18, 7:23, 18:3, 26:21
reported [1] - 33:4
REPORTER [1] - 33:1
Reporter [1] - 33:2
represent [2] - 13:2, 14:2
representation [1] - 11:7
request [2] - 4:14, 5:13
requires [1] - 28:6
requiring [1] - 14:24
research [1] - 5:10
residence [1] - 21:10

resolve [1] - 18:16
resolved [2] - 18:13, 18:15
resolves [1] - 26:24
responsibility [1] - 17:17
restitution [1] - 8:24
result [1] - 24:23
review [4] - 5:16, 18:7, 18:8, 22:24
rights [17] - 6:25, 11:24, 12:2, 12:15, 12:22, 13:25, 14:11, 15:6, 15:13, 19:5, 19:19, 24:13, 24:14, 27:17, 27:21, 27:22, 30:8
RMR [1] - 33:20
RPR [1] - 33:20
rule [1] - 31:2
rules [1] - 26:1

## S

safety's [1] - 4:4
sake [1] - 4:4
satisfaction [3] - 22:20, 23:4, 23:25
satisfactory [4] - 4:21, 5:17, 31:10, 31:11
satisfied [1] - 11:6
school [1] - 10:3
seal [1] - 33:17
second [2] - 12:5, 23:13
Section [3] - 19:20, 22:12, 31:1
send [2] - 3:19, 7:17
sent [2] - 4:15, 28:18
sentence [11] - 8:21, 8:22, 18:3, 19:9, 19:13, 20:23, 26:15, 26:21, 27:9, 27:16, 27:18
sentences [1] - 19:10
Sentencing [8] - 25:22, 25:23, 26:2, 26:6, 26:10, 26:16, 27:2, 30:25
sentencing [10] - 8:17, 18:17, 20:2, 25:24, 25:25, 30:18, 30:22, 30:24, 31:3, 31:4
series [4] - 6:15, 12:2, 25:5, 26:1
serve [1] - 24:15
servers [2] - 3:19, 4:2
service [1] - 21:12
set [4] - 22:23, 28:13, 29:19, 31:15

**sexually** [4] - 21:14, 21:16, 22:3, 23:11
**shared** [1] - 21:15
**sharing** [1] - 21:17
**short** [2] - 15:17, 17:25
**shorthand** [1] - 33:4
**side** [4] - 14:19, 14:21, 18:9, 26:23
**sight** [1] - 13:7
**signature** [2] - 16:13, 33:17
**signed** [3] - 16:8, 16:11, 16:16
**signing** [1] - 8:4
**simply** [2] - 13:13, 25:20
**sit** [2] - 13:6, 13:14
**skills** [1] - 33:11
**sometimes** [3] - 18:11, 18:12, 18:14
**special** [1] - 8:25
**specific** [1] - 30:15
**specifically** [1] - 5:6
**ss//Jeannie** [1] - 33:20
**stand** [2] - 9:10, 13:17
**standard** [1] - 30:22
**standing** [1] - 9:10
**start** [1] - 2:13
**started** [1] - 6:5
**State** [1] - 33:21
**state** [11] - 3:1, 3:2, 3:4, 3:12, 3:20, 4:16, 4:18, 5:6, 23:18, 23:20, 28:18
**statement** [1] - 5:4
**STATES** [2] - 1:1, 1:5
**States** [7] - 2:9, 6:6, 15:3, 19:20, 22:12, 30:3, 31:1
**status** [1] - 24:20
**stays** [1] - 12:10
**Stenograph** [1] - 33:4
**still** [3] - 19:12, 19:23, 25:1
**Street** [2] - 1:19, 1:23
**subject** [1] - 24:21
**subpoenas** [2] - 14:24, 15:10
**subsection** [1] - 8:20
**substantially** [1] - 3:16
**suggested** [1] - 20:22
**Suite** [2] - 1:19, 1:23
**summary** [1] - 29:18
**supervised** [4] - 8:23, 25:11, 25:17, 28:8
**supervision** [1] - 28:8
**supplement** [2] - 16:4,

16:6
**supported** [1] - 30:10
**swear** [1] - 9:12
**sworn** [2] - 9:9, 9:14
**system** [1] - 27:25

**T**

**table** [1] - 13:15
**TAKEN** [1] - 1:13
**Tara** [2] - 16:11, 16:15
**technical** [1] - 2:15
**TENNESSEE** [1] - 1:2
**Tennessee** [13] - 1:11, 3:5, 3:12, 3:20, 3:22, 3:24, 4:2, 4:17, 4:19, 21:11, 21:23, 33:3, 33:21
**term** [1] - 28:7
**testifies** [1] - 9:15
**testify** [6] - 13:8, 13:13, 13:15, 13:20, 14:22, 14:25
**testimony** [1] - 14:20
**THE** [75] - 1:1, 1:14, 1:17, 1:21, 2:2, 2:3, 2:5, 2:12, 2:17, 2:20, 3:6, 3:9, 4:8, 4:13, 4:25, 5:13, 5:21, 5:23, 9:1, 9:5, 9:16, 9:22, 9:24, 10:1, 10:5, 10:9, 10:13, 10:18, 10:22, 11:3, 11:6, 11:9, 11:23, 12:25, 14:15, 15:17, 15:22, 16:1, 16:15, 17:1, 17:4, 17:7, 17:10, 19:4, 19:18, 20:7, 20:19, 21:1, 21:7, 22:16, 23:22, 24:3, 24:7, 25:1, 25:4, 25:16, 25:20, 26:13, 26:19, 27:6, 27:13, 27:24, 28:4, 28:11, 29:5, 29:10, 29:17, 29:22, 30:1, 31:13, 31:15, 31:20, 31:23, 31:25, 32:1
**themselves** [1] - 2:25
**therefore** [1] - 30:13
**therein** [1] - 33:13
**thick** [1] - 26:8
**third** [3] - 12:6, 13:10, 23:15
**threatened** [1] - 15:23
**three** [1] - 12:3
**Title** [2] - 22:11, 31:1
**TN** [2] - 1:20, 1:24
**to-wit** [1] - 9:15
**today** [15] - 6:22, 8:1,

10:20, 11:10, 11:21, 12:14, 12:23, 13:24, 14:7, 14:13, 15:15, 15:18, 15:24, 24:5, 29:20
**transcript** [1] - 33:9
**transported** [4] - 22:7, 22:9, 23:17, 23:20
**traveled** [1] - 3:21
**treated** [2] - 10:6, 10:10
**trial** [21] - 7:8, 7:14, 11:19, 12:7, 12:19, 13:2, 13:5, 13:10, 13:14, 13:19, 13:22, 14:1, 14:3, 14:6, 15:2, 15:10, 15:12, 15:13, 15:19, 20:16
**true** [3] - 3:18, 9:19, 33:9
**truth** [1] - 13:21
**try** [1] - 12:6
**two** [5] - 11:18, 16:8, 17:15, 19:23, 22:25
**two-level** [1] - 17:15
**type** [1] - 10:6
**typewritten** [1] - 33:8
**typical** [2] - 16:4, 17:12
**typically** [1] - 26:5

**U**

**U.S** [3] - 1:19, 6:7, 6:9
**under** [7] - 9:17, 10:13, 19:20, 26:15, 27:1, 27:24, 28:7
**United** [7] - 2:9, 6:6, 15:3, 19:20, 22:11, 30:3, 31:1
**UNITED** [2] - 1:1, 1:5
**unless** [2] - 12:10, 19:22
**unusual** [1] - 20:12
**up** [16] - 7:1, 8:22, 8:23, 8:24, 11:25, 12:1, 12:15, 12:23, 13:25, 14:1, 14:8, 14:12, 15:6, 15:14, 30:8
**USA** [2] - 2:3, 33:6
**USC** [1] - 8:19

**V**

**versus** [2] - 2:4, 30:3
**via** [3] - 4:15, 4:21, 21:17
**victim** [3] - 3:23, 23:10, 23:14

**violation** [2] - 8:19, 22:11
**visual** [6] - 22:4, 22:6, 22:9, 23:12, 23:16, 23:19
**voluntary** [1] - 30:6
**vote** [1] - 24:15
**vs** [1] - 33:6
**Vs** [1] - 1:7

**W**

**waived** [2] - 7:13, 27:17
**waivers** [1] - 19:5
**waiving** [1] - 20:3
**weighed** [1] - 11:17
**whatsoever** [1] - 33:15
**Whereof** [1] - 33:16
**whole** [1] - 26:1
**wit** [1] - 9:15
**withdraw** [3] - 6:2, 19:1, 20:15
**Witness** [1] - 33:16
**WITNESS** [1] - 31:25
**witness** [5] - 13:5, 13:6, 13:10, 13:17, 13:22
**witnesses** [4] - 13:5, 14:5, 14:19, 15:11

**Y**

**years** [2] - 8:21, 8:23
**you-all** [1] - 11:10
**yourself** [2] - 13:12, 14:9

JEANNIE BOLEMAN, LCR, RPR, RMR (423) 255-0742