# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: January 03, 2017

Ms. Terra L. Bay
Office of the U.S. Attorney
1110 Market Street
Suite 301
Chattanooga, TN 37402

Mr. Paul Bergmann III
Law Office
701 Cherry Street
Suite 200
Chattanooga, TN 37402

Re: Case No. 15-5584, *USA v. Brian Krzeczowski*
Originating Case No. : 1:14-cr-00109-1

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Laura A. Jones
for Robin L. Johnson
Case Manager
Direct Dial No. 513-564-7039

cc: Mr. Brian Lee Krzeczowski
    Ms. Debra Poplin

Enclosure

No. 15-5584

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| BRIAN LEE KRZECZOWSKI, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**FILED**
Jan 03, 2017
DEBORAH S. HUNT, Clerk

Before: COLE, Chief Judge; GILMAN and GRIFFIN, Circuit Judges.

Brian Lee Krzeczowski, a federal prisoner, appeals the sentence imposed after his conviction. Defense counsel now moves to withdraw his representation pursuant to *Anders v. California*, 386 U.S. 738 (1967).

A grand jury indicted Krzeczowski on charges of producing child pornography involving a sixteen-year-old girl (Count 1), receiving child pornography (Count 2), distributing child pornography (Count 3), and possessing child pornography (Count 4). *See* 18 U.S.C. §§ 2251(a), 2252(a)(2), (a)(4). Pursuant to a written agreement, Krzeczowski pleaded guilty before a magistrate judge to Count 1 and stipulated that he had solicited sexually explicit photos from the girl over the internet, that his computers and CDs contained child pornography, and that the government had "identified a second minor girl who also sent sexually explicit images of herself to [him] at his prompting." In exchange for the dismissal of the remaining counts, Krzeczowski waived his right to file a direct appeal of his conviction and sentence unless the sentence imposed was "above the sentencing guideline range or any applicable mandatory minimum sentence (whichever [was] greater) determined by the district court."

The presentence report calculated Krzeczowski's total offense level as 40, the sum of: a base level of 32; three two-level enhancements due to the commission of a sexual act,

distribution of the images, and use of a computer "to solicit participation with a minor in sexually explicit conduct"; a five-level enhancement due to the exploitation of ten other victims; and a three-level reduction for acceptance of responsibility. *See* USSG §§ 2G2.1(a), (b)(2)(A), (b)(3), (b)(6)(B)(ii), (d)(1), 3D1.4(a), 3E1.1(b). The intersection of the total offense level and Krzeczowski's criminal history category of I yielded a Sentencing Guidelines range of 292 to 360 months in prison, as capped by the statutory maximum.

Krzeczowski filed objections to the enhancements concerning the use of a computer "to solicit participation with a minor in sexually explicit conduct" and the exploitation of ten other victims. The government presented no witnesses at the sentencing hearing, yet. The district court overruled the objections as a matter of law, while recommending that Krzeczowski appeal the application of the enhancement regarding the other victims. The court thereafter imposed a sentence of 292 months in prison and five years of supervised release. Judgment was entered on May 19, 2015.

Krzeczowski's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders*. Counsel again protests the enhancements concerning the use of a computer "to solicit participation with a minor in sexually explicit conduct" and the exploitation of ten other victims. Krzeczowski has filed a reply, asserting that trial counsel rendered ineffective assistance and that the government breached the plea agreement by seeking to enhance his sentence due to distribution.

Pursuant to *Anders*, court-appointed counsel may move to withdraw on appeal if counsel concludes that the case is "wholly frivolous, after a conscientious examination of it . . . . That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." 386 U.S. at 744.

Upon review, the court concludes that the motion to withdraw must be denied because the *Anders* brief fails to meet the requisite standard as arguable issues exist as grounds of appeal. In addition to any other issues that counsel may wish to raise, counsel is directed to file a merits brief addressing: (1) whether the magistrate judge's failure to explain the role of the statutory

minimum in the appellate waiver and determine Krzeczowski's understanding of it thereby rendered the waiver unenforceable where the prosecutor did not explain the waiver and Krzeczowski merely confirmed that he had "gone over that plea agreement with [his] lawyer," *see United States v. Murdock*, 398 F.3d 491, 497 (6th Cir. 2005) (citing Fed. R. Crim. P. 11(b)(1)(N)); *see also United States v. Cohen*, 515 F. App'x 405, 409 (6th Cir. 2013); (2) whether the district court erred by imposing an enhancement for use of a computer "to solicit participation with a minor in sexually explicit conduct," USSG § 2G2.1(b)(6); *see also United States v. Zagorski*, 807 F.3d 291, 294 (D.C. Cir. 2015); *United States v. Jass*, 569 F.3d 47, 53-54 (2d Cir. 2009); and (3) whether the district court erred by imposing an enhancement due to the exploitation of ten other victims. *See* USSG §§ 1B1.3(a)(1), 2G2.1(d)(1), 3D1.4(a); *see also United States v. Penaloza*, Nos. 14-1360, etc., 2016 WL 2755180, at *9 (6th Cir. May 12, 2016) (unpublished opinion); *United States v. Wernick*, 691 F.3d 108, 115 (2d Cir. 2012); *United States v. Hesson*, No. 01-10435, 2002 WL 1940059, at *3 (5th Cir. July 22, 2002). The government is requested to file a brief as well.

Accordingly, the court **DENIES** the motion to withdraw. The Clerk's Office is directed to issue a supplemental briefing schedule.

                ENTERED BY ORDER OF THE COURT

                Deborah S. Hunt, Clerk